UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MARK COGER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-00143-PLC |
| ) | |
| MARK DOBBS and MIKE MCMEEMS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is the application of self-represented plaintiff Mark Coger, Jr. to proceed in the district court without prepaying fees or costs. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will grant the motion. Furthermore, based upon an initial review, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a ledger from the Missouri Department of Corrections from June 11, 2022 to October 14, 2022. Having reviewed this ledger, the Court finds plaintiff does not have the money to pay the full amount of the filing fee and will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances").

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within

the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## The Complaint

Plaintiff is a self-represented litigant currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. He brings this civil action pursuant to 42 U.S.C. § 1983, naming as defendants Mark Dobbs, Sheriff of Butler County, and Mike McMeems, Deputy Sheriff of Butler County. His claims arise out of defendants' alleged tampering with plaintiff's outgoing legal mail while he was in custody at the Butler County Jail.

Plaintiff alleges defendant McMeems illegally opened two sealed envelopes addressed to the state court from plaintiff and destroyed their contents. "Officer Luke delivered the empty envelopes to the [plaintiff] and said his supervisor Mike McMeems opened and shredded the contents." Plaintiff alleges these envelopes contained legal mail related to his state court criminal case. On the returned envelopes was the following writing: "Our forms do not leave this facility. You[r] letter was shredded." Plaintiff states he "was mentally coerced into pleading guilty [to his criminal charges] on the 20th day of July 2021 because the contents within the outgoing legal mail were information about the case the plaintiff pled guilty to."

For relief, plaintiff seeks $900,000 in damages for the destruction of his outgoing legal mail and an additional $250,000 in damages because defendants "deni[ed] him access to the Courts and coerc[ed] him to plead guilty to a crime he did not commit."

## Discussion

Because plaintiff is proceeding without prepaying fees and costs, the Court reviews his

complaint under 28 U.S.C. § 1915. Based on this review, and for the reasons discussed below, the Court has determined that plaintiff's complaint is subject to dismissal.

Plaintiff's complaint is deficient and subject to dismissal for several reasons. First he does not state whether he is suing defendants Dobbs and McMeems in their official or individual capacities. Because plaintiff did not specify the capacity in which he sues Dobbs or McMeems, the Court interprets the complaint as including only official-capacity claims. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which he is suing the defendant, [courts] interpret the complaint as including only official-capacity claims.").

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"). Municipal liability under § 1983 may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). So to prevail on an official capacity claim, plaintiff must establish Butler County's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (2016).

Plaintiff has made no allegations that Butler County is liable for any of defendants' alleged constitutional violations. Therefore to the extent he is bringing claims against defendants in their

official capacity, these claims are subject to dismissal.

Assuming plaintiff would amend his complaint to sue Dobbs and McMeems in their individual capacities, however, the complaint is still subject to dismissal. Any individual capacity claims against Dobbs would be dismissed because plaintiff has not alleged Dobbs had any involvement in the alleged unconstitutional mail tampering. Rather, plaintiff alleges McMeems opened, read, and shredded plaintiff's outgoing mail. Plaintiff's allegations do not concern Dobbs' activities, but rather those of his deputy Mike McMeems. *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (explaining that 42 U.S.C. § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Plaintiff has alleged no facts establishing that Dobbs was personally responsible for violating plaintiff's rights. The Court will dismiss defendant Dobbs from this case.

Even if plaintiff had sued defendant Mike McMeems in his individual capacity, his allegations in the complaint do not state a plausible claim for relief. Plaintiff's claims based on the opening of his legal mail may be analyzed as a violation of the Fourteenth Amendment right to court access. *Thomsen v. Ross*, 368 F. Supp. 2d 961, 974. The Eighth Circuit has found that "prison officials have a duty to maintain security within the prison, and this may include reading inmates' incoming and outgoing mail, with the exception of legal mail." *Thongvanh v. Thalacker*, 17 F.3d 256, 258-59 (8th Cir. 1994). "However, isolated incidents, without evidence of improper motive, or incidents that do not interfere with the inmate's right to counsel or access to the courts, do not give rise to a constitutional violation." *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997). Additionally, "[t]o assert a successful claim for denial of meaningful access to the courts . . . an inmate must demonstrate that he suffered prejudice." *Id.* (quoting *Berdella v. Delo*, 972 F.2d 204,

210 (8th Cir.1992)).

Plaintiff alleges McMeems opened his outgoing mail. Specifically, he states that McMeems opened the mail "after he knew and should have known that it was labeled legal mail addressed to the Circuit Clerk's office." Plaintiff does not state exactly how his mail was labeled legal mail. Regardless, mail addressed to the circuit clerk is not always privileged legal mail. For example, litigants often mail payments, change of address forms, and pleadings to be filed publicly to the clerk. These items would not necessarily be considered privileged legal mail.

Finally, plaintiff must allege that the opening of his letter interfered with his right to counsel or access to the courts. Plaintiff cannot simply allege in conclusory fashion that he "was mentally coerced into pleading guilty [to his criminal charges] on the 20th day of July 2021 because the contents within the outgoing legal mail were information about the case the plaintiff pled guilty to." Plaintiff has not revealed the contents of his confiscated mail. He alleges no facts from which the Court could find any connection between the confiscation of his mail addressed to the state court clerk and his eventual plea of guilty to a criminal offense.[1] Because he has not established any causal connection between the opened mail and his guilty plea, he cannot establish he suffered any prejudice, and this is fatal to his claim.

For these reasons, the Court will dismiss plaintiff's complaint brought against defendants

---

[1] Plaintiff states that he "notified Judge Pri[t]chett about the mail tampering and also showed him proof of the envelopes that Mike McMeems opened after he knew and should have known that it was . . . legal mail" addressed to the court. Judge Michael Pritchett was the presiding judge in plaintiff's underlying criminal action, and assuming plaintiff discussed the contents of the mail with Judge Pritchett, it is unclear how McMeems' alleged confiscation of the mail could have any effect on plaintiff's plea. *See State v. Coger*, No. 20BT-CR01509-01 (Butler Cty. Cir. Ct. filed Jan. 4, 2021).

Mark Dobbs and Mike McMeems for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Mark Dobbs and Mike McMeems are **DISMISSED** without prejudice. An order of dismissal will accompany this memorandum and order.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED as moot**. [ECF No. 3]

Dated this __16th__ day of December, 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE